The opinion of the court was delivered by
Duncan, J.
The plaintiff in error has assigned five reasons for reversing this judgment.
1. That judgment was entered against him without a declaration. .
2. That the court permitted the defendant in érror, the plaintiff below, to file a declaration after execution, nunc pro tunc, and to take out a new one on the record so amended.
3. 'That* the declaration so filed, set out no legal cause of action.
4. That if it set forth any, it is one purporting to be founded on a judgment for damages, rendered by two justices of the peace in a proceeding under the act of the 6th of Jlpril, 1802, enabling purchasers at sheriffs’ sales to obtain possession; whereas the act gives no authority to the justices to assess the damages in such proceeding, but to the inquest. And,
5. That no action of debt lies, in the Court of Common Pleas, for the damages assessed.
The first and second specifications of error I will consider together. If no declaration had been filed, on the state of the record, I would long pause before I reversed the judgment for that reason. It would be sweeping work at this day, after a practice of nearly *164 half a century, to reverse a judgment by confession for a certain sum in an action of debt. It has certainly been a common practice for parties to go to the prothonotary’s office, enter an amicable action, and the defendant to confess a judgment without a declaration. This may be a practice exposing the defendant to some risk: he may find it difficult to prove the consideration of the judgment, and so plead it in bar of a subsequent action, because it does not show any cause of action, or on what account the judgment is confessed. But the usage is inveterate, and has been so long sanctioned, that it would now be ruinous to overset all that has been done under it, even though the court might observe its inconvenience. The practice of every court is the law of that court, and much of the practice in this state has no other foundation than the usage itself. But this was the case of an adverse suit by writ, appearance by attorney, plea put in, and judgment by confession, waiving for the time the declaration. I think the attorney would have been justified in filing a declaration, even without leave of .the court. The declaration being filed by order of the court, on the plaintiff’s application, nunc pro tunc, it is now ás open to objection, as if it had been filed before judgment, where the objection goes to the root of the action, not where the defect is mere matter of form; and as this is not after a verdict, which might perhaps have cured the mistake, in setting out that the damages had been assessed by the justices and not by the jury, though this is far from being clear, yet there having been no verdict, and the jurisdiction of the justices, whose jurisdiction in this case is peculiar, not appearing, but the contrary appearing, that they had no jurisdiction to assess the damages, this is a fatal error; for in a declaration founded on such proceeding, it must appear that the power exercised by this limited and circumscribed jurisdiction, has conformed to the law conferring the authority. This tribunal must fiot only show that it had jurisdiction, but this must appear on the face of the proceeding. Now the proceedings, as here set out, show that it was an assessment of damages by the justices, who had not the power, and not by the jury, who had it. Debt lies for an amercement in a court leet, but in this it ought to be alleged in the declaration, that the defendant was an inhabitant, as well at the time of the amercement as of the offence; but the omission of this averment is cured by the verdict. Wicker v. Norris, Hardw. C. 116. Bull. N. P. 167.
7But the fifth exception is the one on which the court now decide, as it cuts up the action root and branch.
In this summary proceeding of a jurisdiction very limited, created pro hac vice, not proceeding according to the course of the common law, where the remedy is .a special one, pointed out by the law giving this new power, I am clearly of opinion that debt will not lie. The remedy here is by warrant from the justices to levy the damages and costs from the goods and chattels of the de *165 fendant. And, independent of the positive law of the state on this subject, the rule of the common law is, that upon a new statute which prescribes a particular remedy, no remedy can be taken but the particular remedy prescribed by the statute. The act gives no power, but to levy the damages by the warrant of the justices on the'goods and chattels; none to touch the body. The goods of the tenant are liable to distress and sale, but. there is no power to arrest him to take his body.
No action of debt lies on a statute staple as it does on a statute merchant, for the seal of the party is not put thereto, and this is a duty made by a special law, which was not by the common law, and therefore he ¿hall have no other remedy for it than the statute hath provided. 7 Vin. 349, tit. Debt, M.
Debt lies not on a statute staple, for the seal of the party is not affixed, 1 Roll. Ab. 599, pl. 45; but it will lie on a statute designed to be a statute staple, but not executed pursuant to. the statute. Cro. Eliz. 233, 494. But this was, because, being void as a statute, and the party having no remedy to enforce it as a statute, it was good as an obligation at common law. Moore, 405. Gould. Pl. 157. It is for these reasons it has been held that debt will not lie for a poor rate, because the statute gives no authority but to distrain the goods of the delinquent. Stevens v. Evans and others, 2 Burr. 1157.
The cases cited from Massachusetts proceed on the same principle. It is for this reason the opinion- of the court, that the judgment be reversed.
Judgment reversed.